IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBEY EUGENE MOSES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-034 |
| | ) | |
| RONALD BRAWNER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  The matter is currently before the Court on Respondent's motion to

dismiss the petition as untimely.  (Doc. no. 14.)  For the reasons set forth below, the Court

**REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this

petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of

Respondent.

**I.    BACKGROUND**

On December 9, 2014, Petitioner pled guilty to two counts of criminal attempt to

commit murder, two counts of armed robbery, and one count of robbery in the Superior

Court of Richmond County, Georgia, and the court sentenced Petitioner to thirty years of

confinement.  (Doc. no. 1, p. 1; doc. no. 15-4.)  On December 16, 2015, Petitioner filed a pro

se motion to withdraw his guilty plea in Richmond County Superior Court, which never

received a ruling.[1]  (Doc. no. 10-1.)  Petitioner did not file any other post-judgment motions

_____

[1]See also United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) (confirming
courts may take judicial notice of records from other courts).

or appeals, but he did file a state habeas corpus petition in the Superior Court of Baldwin County, Georgia, on June 20, 2018, asserting numerous claims of ineffective assistance of counsel. (Doc. no. 15-1.) The state habeas court held an evidentiary hearing on October 3, 2018, and denied relief on February 26, 2019. (Doc. no. 15-2.) On December 23, 2019, the Supreme Court of Georgia denied Petitioner's request for a certificate of probable cause to appeal as untimely. (Doc. no. 15-3.)

Petitioner originally filed the instant § 2254 petition on February 5, 2020, in the Middle District of Georgia. (Doc. no. 1.) United States District Judge Tilman E. Self, III transferred the petition to the Southern District of Georgia because Petitioner challenges convictions obtained in the Superior Court of Richmond County. (Doc. no. 4.) In a sixteen-page attachment to his federal petition, Petitioner argues his guilty plea was unconstitutional and invalid due to ineffective assistance of trial counsel. (Doc. no. 1-2.) Petitioner states, among other things, trial counsel breached confidentiality, had a conflict of interest, failed to conduct a thorough and complete investigation, failed to put forth evidence of Petitioner's mental health issues, and conspired with other public officials to secure Petitioner's conviction and sentence. (Id.)

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 14.) By Respondent's calculation, Petitioner filed his federal petition more than two years too late. (Doc. no. 14-1, p. 5.) Rather than disputing the untimeliness of his petition, Petitioner spends the majority of his opposition attempting to argue the merits of his claims and challenge the manner in which his state habeas proceedings were conducted. (See doc. no. 16.)

## II.   DISCUSSION

### A.   The Petition Is Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review."   A defendant in Georgia seeking to appeal must do so within thirty days.   O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of.").   Because Petitioner did not file a direct appeal following his conviction and sentencing on December 9, 2014, his conviction became "final" on January 8, 2015, when the thirty-day period to appeal expired.   (Doc. no. 14-1, p. 4.)   Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period.   Petitioner's one-year deadline for filing his federal petition

3

thus expired on January 8, 2016, unless tolled by Petitioner's pro se motion to withdraw his guilty plea filed on December 16, 2015.  For the reasons stated below, the Court finds this motion did not toll the limitations period, and the present petition is untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a "properly filed" application for state post-conviction relief or other collateral review is pending in state court.  Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).  "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Ousley v. Sec'y for Dep't of Corr., 269 F. Appx 884, 885 (11th Cir. 2008) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).  This includes, for example, "the form of the document, the time limits upon its delivery, [and] the court and office in which it must be lodged . . . . " Id.  In the Eleventh Circuit, "due deference" must be given "to state procedural rules governing whether a § 2244(d)(2) application is 'properly filed,' with the caveat that the state rule be 'firmly established and regularly followed.'"  Colbert v. Head, 146 F. App'x 340, 344 (11th Cir. 2005).

Petitioner's motion to withdraw guilty plea, filed on December 16, 2015, was not properly filed because it was untimely filed outside the term of court in which Petitioner's sentence was entered.  Under Georgia law, "[a] motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea."  Brooks v. State, 804 S.E. 2d 1, 3 (Ga. 2017) (internal quotations omitted).  The Superior Court of Richmond County has six terms of court which begin on the third Monday in January, March, May, July, September and November.  See O.C.G.A. § 15-6-3(5)(C).  As Petitioner was sentenced on December 9, 2014, during the November term of Court, he had until the third Monday in January 2015 to file a motion to withdraw his guilty plea.  Brooks, 804

4

S.E.2d at 3.  Thus, the motion Petitioner filed in December 2015, over a year later during the November 2015 term of court, was untimely, which divested the trial court of jurisdiction to consider it.  See Bankston v. State, 837 S.E.2d 788, 789 (Ga. 2020) (holding trial court lacked jurisdiction to consider defendant's motions to withdraw guilty plea where term of court in which defendant was sentenced had expired); Ricks v. State, 835 S.E.2d 179, 181 (Ga. 2019) (same).

Because Petitioner's December 2015 pro se motion was not properly filed in accordance with state law, it did not toll the one-year limitations period.  Colbert, 146 F. App'x at 345 (concluding petitioner's motion to withdraw guilty plea, filed after term of court expired, was not a "'properly filed' application for state post-conviction relief that tolled the one-year time period for filing a § 2254 petition.").

Petitioner did not file any other post-judgment motions or appeals, but he did file a state habeas corpus petition in the Superior Court of Baldwin County, Georgia, on June 20, 2018.  (Doc. no. 15-1.)  However, because Petitioner's December 2015 motion to withdraw guilty plea was not properly filed, the one-year limitations period for filing a federal petition had already expired by the time Petitioner filed his state habeas petition, meaning that no time period remained to be tolled.  See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll.  A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).  Thus, the instant petition filed in February of 2020, six years after Petitioner's convictions became final in January of 2014, is untimely.

**B.     The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

Petitioner has not provided any explanation that would delay or reset his one-year

statute of limitations under any statutory sections of AEDPA set forth above.  Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred.  Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007).   Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances."   Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003).  The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent."   McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000).  The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable

doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted).   As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 395.

Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently during the four years between when his conviction became final and he started seeking collateral relief in the state courts in 2018.  At the most, Petitioner alleges trial counsel was ineffective because she failed to inform him of his right to a direct appeal.  (Doc. no. 1-2, p. 7.)  This contention does not explain why Petitioner waited so many years to file his federal habeas petition.  Nor does this contention constitute a new factual predicate for a federal habeas claim or an impediment created by the State to filing the federal habeas petition.

Notably, if Petitioner did in fact lose his right to direct appeal due to ineffective assistance of trial counsel, a motion for an out of time appeal should have been presented to the trial court.  See Brinkley v. Upton, No. 7:08-CV-109 (HL), 2009 WL 1941284, at *2 (M.D. Ga. July 7, 2009) ("Georgia trial and habeas corpus courts are empowered under state law to grant out-of-time appeals in criminal cases, if warranted."); Collier v. State, 834 S.E.2d 769, 773 (Ga. 2019) (stating an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel).  For these reasons, Petitioner has failed to show he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing.

Additionally, Petitioner has not presented any evidence, much less new, reliable evidence, to show he did not commit the offenses of which he was convicted such that no

reasonable juror would have found him guilty beyond a reasonable doubt.  Rather, Petitioner merely argues there was insufficient evidence to place him at the scene of the crime without providing any detail to substantiate his conclusory allegations.  (Doc. no. 1-2, pp. 4-5.)  He also criticizes trial counsel and the trial court in sections he incorrectly describes as newly discovered evidence.  (Id. at 9-10.)

Accordingly, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

**III.   CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 24th day of September, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA